IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IOU CENTRAL INC., | CASE NO. 5:21-MC-00014 |
| | BANKRUPTCY NO. 18-51253 |
| Movant, | ADVERSARY PROC. NO. 20-05006 |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| MARC P. GERTZ, | |
| | MEMORANDUM OF OPINION AND |
| Respondent. | ORDER |

This matter comes before the Court upon the Motion for Withdrawal of Reference and Transfer to District Court ("Motion for Withdrawal of Reference") of Movant/Defendant IOU Central, Inc. ("Defendant"). (Doc. No. 1.) Respondent/Plaintiff Marc P. Gertz ("Plaintiff"), Trustee in Bankruptcy for West Point Market of Akron, LLC, opposes the Motion. (Doc. No. 1-3.) For the following reasons, Defendant's Motion for Withdrawal of Reference (Doc. No. 1) is DENIED.

I.  **Background**

On May 24, 2018, West Point Market of Akron, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United State Bankruptcy Court for the Northern District of Ohio.  Subsequently, on August 28, 2018, Defendant filed a Proof of Claim in Debtor's bankruptcy proceeding, asserting an unsecured claim in the amount of $128,133.34.  (Doc. No. 1-3 at PageID#s 19-31.)

On September 20, 2018, Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code.  Plaintiff was then appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

About a year and a half later, on February 5, 2020, Plaintiff initiated an adversary proceeding in the United States Bankruptcy Court for the Northern District of Ohio against Defendant, seeking avoidance and recovery of an allegedly preferential transfer from Debtor to Defendant that occurred shortly before the filing of Debtor's bankruptcy petition.  Specifically, in his Complaint, Plaintiff alleges that Defendant, a creditor of Debtor, received preferential transfers from Debtor in the aggregate amount of $34,782.88 that are avoidable under § 547 of the Bankruptcy Code.

After Defendant's motion to dismiss or transfer the adversary proceeding was denied by the bankruptcy court, Defendant filed an Answer to Plaintiff's Complaint.  Therein, Defendant has demanded a jury trial and raised several defenses, including allegations that Defendant was fraudulently induced into its loan to Debtor, that Debtor's owners and officers breached their fiduciary duties, and that Plaintiff's suit is barred by the doctrine of *in pari delicto*.  Shortly thereafter, on October 27, 2020, Defendant filed a Notice of Withdrawal of Proof of Claim, which purported to withdraw Defendant's Proof of Claim from Debtor's bankruptcy proceeding.  (Doc. No. 1-3 at PageID#s 32-33.)

On February 17, 2021, in the adversary proceeding against it, Defendant filed a Motion for Withdrawal of Reference, asserting that the bankruptcy court was divested of jurisdiction based on Defendant's jury demand and that the matter should be transferred to this Court.  (Doc. No. 1.) Plaintiff filed a brief in opposition to Defendant's Motion on March 2, 2021.  (Doc. No. 1-3.) Defendant's Motion was then transmitted to this Court for resolution.  (Doc. No. 1-2.)

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 157(d) of the Bankruptcy Code, a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

motion of any party, for cause shown."[1] Because the Bankruptcy Code does not define "cause," courts "have developed a non-exhaustive list of factors to consider in determining whether cause exists." *In re Inkstop, Inc.*, No. 1:12MC04, 2012 WL 300626, at *1 (N.D. Ohio Jan. 31, 2012). "These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core." *Id.* "The moving party bears the burden of demonstrating that the reference should be withdrawn." *FirstEnergy Solutions Corp. v. Bluestone Energy Sales Corp.*, No. 5:19MC95, 2019 WL 3423157, at *1 (N.D. Ohio July 30, 2019).

**III. Analysis**

Defendant's only argument in support of a finding of cause to withdraw the reference is that it is entitled to a jury trial on Plaintiff's preference claim and its defenses of fraud, breach of fiduciary duty, and *in pari delicto*, and because the bankruptcy court is not authorized to conduct jury trials, the reference to the bankruptcy court should be withdrawn. (Doc. No. 1.) In response, Plaintiff asserts that Defendant is not entitled to a jury trial because Defendant submitted itself to the equitable jurisdiction of the bankruptcy court by the filing of its Proof of Claim against Debtor's estate. (Doc. No. 1-3 at PageID#s 15-16.) Further, Plaintiff contends that the purported withdrawal of Defendant's Proof of Claim has no effect on its right to a jury trial since Defendant did not properly withdraw its claim, and, even assuming the withdrawal was proper, it does not result in the reinstatement of

---

[1] Withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Here, Defendant has not argued that this standard is met. Accordingly, the Court's decision whether to withdraw the reference is discretionary and dependent upon a showing of cause.

3

Defendant's right to a jury trial. (*Id.* at PageID#s 16-17.) Upon review of the parties' arguments, the Court agrees with Plaintiff that Defendant is not entitled to a jury trial, and, therefore, there is no cause to withdraw the reference from the bankruptcy court.

The Supreme Court has made clear that "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989)). "If a party does *not* submit a claim against the bankruptcy estate . . . the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer." *Id.* Accordingly, "[i]n those circumstances the preference defendant is entitled to a jury trial." *Id.*

On the other hand, when a creditor does submit a claim against the bankruptcy estate, the creditor has no right to a jury trial on any subsequent preference action against it, as the Supreme Court explained:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58–59, and n. 14, 109 S.Ct., at 2799–2800, and n. 14 (citing *Katchen, supra,* 382 U.S., at 336, 86 S.Ct., at 476). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. *Granfinanciera, supra,* 492 U.S., at 57–58, 109 S.Ct., at 2798–2799. As such, there is no Seventh Amendment right to a jury trial.

*Id.* at 44-45; *accord Dura Auto. Sys., Inc. v. Johnson Elec. N. Am., Inc.*, No. 06-13990, 2007 WL 9752833, at *3 (E.D. Mich. Apr. 23, 2007) ("[O]nce Defendant, a creditor, filed its claim against the

4

estate, it lost any right to insist on a jury, not only as to its claim, but also as to those claims asserted by Dura against it.").

In the instant matter, prior to the filing of Plaintiff's adversary proceeding against Defendant, Defendant filed a Proof of Claim against Debtor's estate, asserting a claim in the amount of $128,133.34. (Doc. No. 1-3 at PageID#s 19-31.) By doing so, Defendant brought itself within the equitable jurisdiction of the bankruptcy court. Consequently, Defendant is not entitled to a jury trial on Plaintiff's preference claim or Defendant's related defenses.

Moreover, although Defendant filed a notice of the withdrawal of its Proof of Claim, this filing has no effect on Defendant's right to a jury trial for two reasons. First, Defendant does not appear to have properly withdrawn its claim. Under Rule 3006 of the Federal Rules of Bankruptcy Procedure, "[i]f after a creditor has filed a proof of claim . . . a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code." Here, because Plaintiff filed an adversary proceeding against Defendant after Defendant filed its Proof of Claim, Defendant was required to obtain authorization from the bankruptcy court in order to withdraw its claim. However, Defendant does not appear to have done so. As a result, Defendant has not shown that it validly withdrew its claim against Debtor's estate.

Second, even assuming, *arguendo*, that Defendant properly withdrew its claim, this still would not result in the reinstatement of Defendant's right to a jury trial on Plaintiff's preference action. "A creditor may retain its right to a jury trial only if the Proof of Claim is withdrawn *prior to the filing of an adversary proceeding against it*." *Seven Counties Services, Inc. v. NextGen*

*Healthcare Info. Sys., Inc.*, No. 3:14CV330–S, 2014 WL 3941789, at *2 (W.D. Ky. Aug. 12, 2014) (emphasis added). Indeed, numerous courts have held that a creditor's withdrawal of its claim after an adversary proceeding has been filed against it does not affect the bankruptcy court's equitable jurisdiction. *Id.* ("Despite its attempt to un-ring the bell, NextGen has consented to bankruptcy court jurisdiction and has no ground to procure withdrawal of the reference by this court."); *In re EXDS, Inc.*, 301 B.R. 436, 440 (Bankr. D. Del. 2003) (holding a creditor cannot "for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim"); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 597 B.R. 466, 477-78 (Bankr. S.D.N.Y. 2019) (collecting cases). Thus, even if Defendant had properly withdrawn its claim against Debtor's estate, it would not impact Defendant's lack of entitlement to a jury trial.

Consequently, Defendant has not met its burden to demonstrate that the reference should be withdrawn, and the Court will deny its request.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Withdrawal of Reference (Doc. No. 1) is DENIED. Furthermore, the captioned Miscellaneous Case is terminated and removed from the Court's active docket.

**IT IS SO ORDERED.**

Date: May 21, 2021

       *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE